UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEJUAN PETTY, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:15cv00739HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, filed on May 8, 2015, wherein he alleges he received ineffective assistance of counsel. On August 21, 2015, Petitioner filed a request to amend his § 2255 motion to add claims that his counsel was ineffective for failing to adequately advise him that his plea agreement contained a provision waiving his right to file a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 and argue that his role in the conspiracy ended in 2011 and therefore a lower drug quantity was appropriate. On November 30, 2015 the United States of America responded [Doc. # 14] to the motion. Thereafter, on

September, 8, 2015 Petitioner was granted leave to file an amendment to his original petition, which the Court has construed as his traverse. For the reasons set forth below the Motion will be denied and no hearing will be granted.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (quoting *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)). However, no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Franco*, 762 F.3d at 763.

## **Facts and Background**

A federal grand jury returned an indictment against Petitioner. Petitioner was later charged by way of a superseding indictment with Count I, conspiring with 11 others to distribute and possess with intent to distribute in excess of five kilograms of cocaine, 280 grams of cocaine base, and 50 kilograms of marijuana; and Count II, possessing and discharging a firearm in furtherance of a drug trafficking crime.

After hearings were conducted on motions filed by Petitioner, the matter was set for trial on February 24, 2014. Plea negotiations proceeded and the parties appeared before this Court on February 12, 2014 to dispose of the pending charges

by way of a plea of guilty, consistent with the Guilty Plea Agreement which was signed by all parties. Petitioner entered a plea of guilty to Count I and the United States of America agreed that Count II would be dismissed at sentencing. The parties also agreed that there would be a recommended sentence of 195 months and that the sentence would run concurrently with a previous felon in possession charge.

During the plea colloquy, and with Petitioner being under oath, this Court inquired regarding Petitioner's satisfaction with representation by his attorney. He responded he was fully satisfied with the work his attorney performed and the way in which it was performed. He further stated he fully understood all matters regarding his case and that whatever he wanted done by his attorney was done by his attorney.

Petitioner also accepted that he was entering the plea of guilty of his own volition, without any threats, duress or coercion. He also acknowledged he was fully aware of the range of punishment available under the law and that there was no promise of any particular sentence.

**GROUNDS FOR RELIEF**

Petitioner alleges ineffective assistance of counsel in that counsel (1) Altered the language of the original, agreed-upon conditions of the Rule 11 plea

agreement resulting in the waiver of his right to collaterally attack the sentence without his knowledge or consent; (2) Failed to seek jail time credit for time Petitioner served in the County and City jails and providing an inaccurate estimate of the total amount of time Petitioner would serve. Petitioner, filed an amended motion on August 21, 2015 to include (3) his attorney failed to adequately advise him that his plea agreement contained a provision waiving his right to file a motion to reduce his sentence pursuant to 18 U.S.C. § 3582; and (4) His attorney failed to argue that his role in the conspiracy ended in 2011 and therefore a lower drug quantity was appropriate.

## Applicable Standard

In order to succeed on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced the movant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Sera*, 267 F.3d 872, 874 (8th Cir. 2001); *DeRoo v. United States,* 223 F.3d 919, 925 (8th Cir. 2000). In this regard movants face a heavy burden. *DeRoo,* 223 F.3d 919, 925.

To be considered deficient, an attorney's performance must fall "below an objective standard of reasonableness." *Strickland*, at 687-88; *Sera*, 267 F.3d at 874. Demonstration of this objective standard is typically fraught with considerable difficulty as there is a "strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance. *United States v. Rice*, 449 F.3d 7, 897 (8th Cir. 2006) (*quoting Strickland,* 466 U.S. at 689); *Sera*, 267 F.3d at 874. *See also Ford v. Lockhart*, 905 F.2d 458, 462 (8th Cir. 1990) (evaluation of a claim of ineffective assistance of counsel is highly deferential with a strong presumption that counsel acted competently). Additionally, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (*quoting Strickland*, 466 U.S. at 690). When reviewing counsel's performance, a Court must avoid using "the distorting effects of hindsight" and must evaluate the reasonableness of counsel's conduct "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Not only must a movant prove deficiency in counsel's performance, but a movant is also required to establish "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland,* 466 U.S. at 692. It must be established by a preponderance of evidence that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *DeRoo*, 223 F.3d at 925.

"'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be

5

followed.'" *Young v. Bowersox,* 161 F.3d 1159, 1160 (8th Cir. 1998) (quoting *Strickland*, 466 U.S. at 697), *cert. denied*, 528 U.S. 880 (1998). *See also Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir.) (if the petitioner makes an insufficient showing on one component, the Court need not address both components), *cert. denied*, 531 U.S. 829 (2000). In short, failure to show sufficient prejudice obviates consideration of the "performance" prong of Strickland.

**Discussion**

The Court will initiate the journey through the grounds of Petitioner beginning with the amendment of his original motion. "Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). An amendment to a pleading relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleadings." Fed.R.Civ.P. 15(c)(1)(B). "To arise out of the same conduct, transaction, or occurrence, the claims must be 'tied to a common core of operative facts.'" *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015) (quoting *Dodd*, 614 F.3d at 515).

Under 28 U.S.C. § 2255(f)(1), § 2255 motions must be filed within one year of the date the judgment becomes final. Petitioner filed his amended motion for relief pursuant to § 2255 on August 21, 2015.

Petitioner claims his attorney was ineffective for failing to advise him that he was waiving his right to file a motion to reduce sentence pursuant to 18 U.S.C. § 3582 or for failing to argue that he should be responsible for a lower drug quantity are different from his original ineffective assistance of counsel claims. He originally asserted that his attorney was ineffective for failing to advise him that the plea agreement contained a waiver of his right to collaterally attack his conviction and for failing to argue for jail time credit. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (failure to file an appeal is not the same type of error as failure to seek a downward departure or challenge the drug type at sentencing); *Mandacina v. United States*, 328 F.3d 995, 1002 (8th Cir. 2003) (counsel's failure to investigate police report of an interview naming potential suspects was not sufficiently similar type of error as counsel's failure to discover exculpatory footprints).

The allegations must be specific enough to put the opposing party on notice of the factual basis for the claim. *Taylor*, 792 F.3d at 869; *see also United State v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). The claims, as stated by Petitioner are not common with each other.

7

As correctly noted by the United States relation back is not proper and Petitioner's claims are untimely and not entitled to an evidentiary hearing. *See Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (no hearing required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

Petitioner Petty claims his attorney's performance during the plea negotiations and plea process in this case was deficient. It is elementary that the burden is on Petitioner to overcome the strong presumption that his attorney rendered adequate assistance and made all significant decisions in the exercise of professional judgment. *See Hall v. Luehbers*, 296 F.3d 685, 692 (8th Cir. 2002).

Petitioner alleges that his counsel failed to advise him of changes in the plea agreement, specifically that the agreement contained a waiver of his right to collaterally attack his conviction and sentence and a waiver of his right to file a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) as a result of changes to the sentencing guidelines.

Petitioner's attorney, Mr. Stenger, has provided an affidavit, enumerating the extensive work he did on the case. He notes that in excess of 236 hours were expended in representing Petitioner. The Stenger affidavit details the fact that the only offer made by the Government as of February 7, 2015 included a waiver of the right to file a motion for reduction of sentence.

8

The record of the proceeding is in radical conflict with Petitioner's allegation. The record reflects that he had sufficient and adequate time to consult and review with his attorney. He was aware that the United States was going to recommend a concurrent sentence with another case. He was aware that he was waiving the right to file any motion for reduction of sentence as a result of proposed changes to the *Sentencing Guidelines.* Despite the amount of time involved in the plea colloquy, Petitioner never seized the moment nor secured an opportunity to bring anything that was distasteful or improper to the attention of the Court. There is nothing more solid than Petitioner's assertions, declarations, and pronouncements under oath and in open court. *Blackledge v. Allison*, 431 U.S. 63, 71 (1977) (holding that "solemn declarations in open court carry a strong presumption of verity.")

Petitioner Petty argues his lawyer failed to secure a better plea deal that would have secured him jail time credit to further reduce his stay in a penal facility operated by the Bureau of Prisons. It is axiomatic that criminal defendants have "no constitutional right to plea bargain," so Petitioner cannot possibly establish that he was entitled to a plea agreement on his own terms or that his counsel was ineffective for not requesting same. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). While under oath Petitioner he had no complaint with his attorney's performance whatsoever. The record plainly reflects that this Petitioner had no difficulty or reservation in expressing his displeasure with procedure or substance

9

as he had filed no less than thirteen documents addressing concerns and seeking relief in relation to them.

The record entirely overwhelmingly refutes the claim of Petitioner and there is no support in any regard for a deficiency in performance claim against Mr. Stenger.

There is no proof that Petitioner has suffered any prejudice in the decision to enter his plea of guilty or in the negotiations as there is a rank failure to demonstrate anything would have been different had the alleged deficiency not occurred.  He does not allege, in any manner, that but for his counsel's alleged errors,  he would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *see also United States v. Regenos*, 405 F.3d 691, 693 (8th Cir. 2005) (the prejudice prong requires a showing that the result of the plea negotiations process would have been different). Petitioner cannot establish that counsel performance was constitutionally infirm.

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** and **DISMISSED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 22nd day of June, 2018.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE